## MARY FLORES
*vs.*
## CORNELIUS J. DANAHER, ADMR.

Superior Court        Hartford County        File No. 68424

MEMORANDUM FILED DECEMBER 31, 1942.

*Mary Flores, pro se.*

Memorandum of decision on appeal from Unemployment Compensation Commissioner.

MELLITZ, J.   This is an appeal from the denial of the appellant's claim for benefits under the Unemployment Compensation Act.

The issue presented is whether the appellant was available for work within the meaning of sections 718f (a) (2) and 718f (b) (1) of the 1941 Supplement to the General Statutes. The examiner and the commissioner have found that the appellant was not available for work within the meaning of said provisions.

The finding of facts discloses that the claimant was employed as a sample dressmaker, at a salary of $30 a week, for a period of two years.   She ceased working when her employer closed

its place of business. She then filed a claim and received unemployment benefits for a period of four weeks. Thereafter, when questioned by an interviewer in the U. S. Employment Service office who desired to refer her for work in a dress shop, she stated that she preferred to wait until her former employer called her back. Within a few days her former employer reopened its business and notified her to return to work. She could not return at that time on account of a bad leg. Shortly thereafter she was again interviewed and it appeared that her failure to return to work was primarily because her old job was no longer in existence, and the job available for her would pay about $22 to $24 a week. She stated that she expected to receive about $30 a week before she would accept employment.

The commissioner concluded that she was not genuinely interested in seeking employment for which she was well qualified through training and experience, and therefore that she was not available for work, within the meaning of the statute.

The conclusions reached by the commissioner are not to be disturbed unless they resulted from an incorrect application of the law to the facts found or could not reasonably and logically follow from such facts.

The facts found indicate that the claimant was offered suitable work by her former employer and that she failed, without sufficient cause, to accept such employment. She has thus clearly brought herself within the class declared ineligible by section 718f (b) (1), and no conclusion other than that she was unavailable for work was warranted.

No ground appears for disturbing the conclusions of the commissioner and the appeal must therefore be dismissed.